EMMA WHITE, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT-RESPONDENT.

Submitted May 27, 1932—Decided October 17, 1932.

For the plaintiff-appellant, *Alexander Simpson*.

For the defendant-respondent, *Henry H. Fryling (James O. Boyd*, of counsel).

The opinion of the court was delivered by

· Case, J. The case comes to us on the plaintiff's appeal from a judgment for the defendant rendered at the Essex Circuit on a jury verdict before Judge Mountain. The action was for the recovery of damages for personal injuries and incidental losses alleged to have been caused by the negligent operation of one of defendant's buses in the city of Newark.

There are eight grounds of appeal, the first three of which relate to rulings on evidence and the last five to refusals of the court to charge on plaintiff's requests. All three of the evidence rulings were in the allowing of questions, asked on cross-examination, to stand. The questions embraced within the first and third of these rulings were not answered. Consequently, no harm was done. The question covered by the second ruling was as follows: "*Q*. And when you were on the witness-stand you didn't say anything at all about the injuries which you had sustained two weeks before the time you were on the stand?" That question was not answered. Another question was framed, to which no objection was made, and the new question and the answer thereto were: "*Q*. You didn't say anything on the stand at that time about having met with an accident two weeks before? *A*. I was not asked about my accident, my second accident." Obviously no harm followed upon the admission of this testimony.

The last five grounds of appeal are not properly before us for the reason that no exceptions were taken at the trial. Eight requests to charge were made by the plaintiff, some of which the court charged, others of which the court considered were comprehended within directions already given the jury, and others of which were denied. Clearly it was the duty of the plaintiff, if she desired to maintain her right to a review, on appeal, of the court's disposition of these requests, forth-

with to take exception or otherwise properly note her objection so that the court might be apprised of her purpose and be governed accordingly. *Kargman* v. *Carlo,* 85 *N. J. L.* 632. Moreover, we consider that all of the requests were properly refused. The grounds of appeal are on the refusals of the third to the seventh requests, inclusive. The third, fifth and seventh requests were substantially charged by the court, as were also the fourth and sixth to the extent that they were sound in law.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.